UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TORRANCE CLARK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-335** |
| **MIDFIRST BANK, ET AL.** | **SECTION: "R"(5)** |

### REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* plaintiff, Torrance Clark, against defendants, Midfirst Bank, Midland Mortgage, Wells Fargo, and Citi Group Insurance. In his complaint, he alleges:

> Midfirst maid fake accounts and attach them to my property and started to add fake and unauthorized insurance fraud fee, stolen document and never contact me.

(Rec. Doc. 1, Complaint p. 4). He seeks to "[r]emove the case Midfirst v. Torrance Clark from the 24th J.D.C. and reinstate it back in United State District Eastern were it was appointed in the first place were the contact was issued so restitution damaged and can be for 24th have been disorderly in all of there policies." [1] (Rec. Doc. 1, p. 5).

---

[1] Although he requests removal as relief, he submitted his claim using a 42 U.S.C. §1983 form complaint. The brief mention in the section for relief that he wants to remove a civil case does not alter the nature of the civil complaint he filed. It is not styled as a petition and notice of removal and does not include a copy of the pending state-court litigation. The allegation regarding pending state-court litigation is also suspect because he indicates in his complaint that the case is "pending," but mentions September 4, 2012, as the date of filing lawsuit and August 20, 2014, as date of disposition. Rec. Doc. 1, Complaint (Section I. B. 5-7). Even if Clark's state case had been properly identified, he cannot seek removal in a 42 U.S.C. § 1983 action. Rather, federal law provides a procedure for removing both civil and criminal actions. *See* 28 U.S.C. § 1446 (procedure for removal of civil actions); and 28 U.S.C. § 1455 (procedure for removal of criminal prosecutions). To remove an action from state court, he must file "a notice of removal" that contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant." *See* 28 U.S.C. §§ 1446(a); 1455(a). "[A] pro se litigant is not exempt … from compliance with relevant rules of procedural and substantive law." *NCO Fin. Systems, Inc. v. Harper–Horsley*, No. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

A proceeding brought *in forma pauperis* may be dismissed as frivolous or for failure to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(i)-(ii). A claim is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). When making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted). Liberally construing the instant complaint, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed with prejudice as frivolous and for failing to state a claim upon which relief can be granted.

Under Section 1983, a federal cause of action exists against any person, who, acting under color of state law, deprives another of his constitutional rights. 42 U.S.C. § 1983; *see Will v. Mich. Dept. of State Police*, 491 U.S. 58, 60 & n. 1 (1989). To state a claim under Section 1983, a plaintiff must indicate both the constitutional violation and that the responsible person was acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Polk County v. Dodson*, 454 U.S. 312, 326 (1981). "[T]he under-color-of-state-law

element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.' " *Am. Mfrs. Mut. Ins., Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)).  Neither a private company nor private individuals are considered to act under color of state law and may not be held liable as "state actors" under § 1983.  *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) ("Private individuals generally are not considered to act under color of law, i.e., are not considered state actors ..."); *Pleasant v. Caraway*, 25 F.3d 1044, 1994 WL 261217, at *1 (5th Cir. June 6, 1994) (Table, Text in Westlaw) (same); *Taylor v. Hard Times Newspaper*, Civ. Action 20-215, 2020 WL 5755249 (W.D. La. Sep. 9, 2020), *report and recommendation adopted*, 2020 WL 5755158 (W.D. La. Sep. 25, 2020).

Clark's complaint names only corporate entities as defendants, none of whom may be considered a state actor subject to liability under Section 1983.  *See*, *e.g.*, *Spann v. JPMorgan Chase Bank, N.A.*, Civ. Action No. 21-1643, 2022 WL 2177438, at *5 (E.D. La. June 16, 2022); *Lee v. Deutsche Bank National Trust Co., et al.*, Civ. Action No. 18-2887, 2019 WL 3345710, at *5 (E.D. La. July 25, 2019) (Deutsche Bank is not a state actor for purposes of liability under Section 1983, and while plaintiff contends the documents were filed fraudulently in state court on behalf of Deutsche Bank, he fails to plausibly allege an agreement between any of the defendants and a state actor.). The complaint in this case fails to allege that the defendants are state actors or that they were acting under color of state law.  Nor has he identified an underlying constitutional violation in this case, which is required to state a valid Section 1983 claim.

Attached to the complaint is a document entitled "writ to proceed," which references the state district court case and asks the federal district court to look at his case and "stop this unauthorized behavior, because the state courts rejected me and all my documentation and refused to be reasonable and follow the rules and regulations of law." (Rec. Doc. 1-1, Exhibit). To the extent he might seek a federal court order directing the state-court judge presiding over the state-court proceedings to act, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought. *Caliste v. Cantrell*, 329 F.Supp.3d 296, 306-07 (E.D. La. 2018) (citing *Lamar v. 118th Jud. Dist. Ct.*, 440 F.2d 383, 384 (5th Cir. 1971)); *Danos v. Lafourche Parish*, Civ. Action No. 21-1773, 2022 WL 2286807, at *5 (E.D. La. May 23, 2022), *report and recommendation adopted*, 2022 WL 2265180 (E.D. La. June 23, 2022) (citing *Sockey v. Gray*, 159 F. App'x 821, 822 (10th Cir. 2005) ("Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials.") and *Shirley v. Starkey*, No. 10cv364, 2010 WL 3781806, at *1 (E.D. Tex. Aug. 25, 2010) ("The federal district courts do not have jurisdiction to issue the writ against a state or county actor or agency."), *report and recommendation adopted by* 2010 WL 3781799 (E.D. Tex. Sept. 20, 2010), *aff'd*, 427 F. App'x 305 (5th Cir. 2011)). This court lacks the authority to interfere with the orders of the state court judges having jurisdiction over the state proceedings.[2]

---

[2] To the extent, if any, plaintiff attempts to assert any state-law claims in this lawsuit, the Court should decline to consider them since he has no valid federal claim. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction ...."); *see also Jackson v. Mizzel*, 361 F. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."). If plaintiff wishes to pursue claims under state law, he should do so in the state courts.

**RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that Clark's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this 22nd day of February, 2024.

MICHAEL B. NORTH
**UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.