UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TORRANCE CLARK | CIVIL ACTION |
| VERSUS | NO. 24-335 |
| MIDFIRST BANK ET AL. | SECTION "R" (5) |

# ORDER

Plaintiff Torrance Clark, proceeding *pro se* and *in forma pauperis*, brought this action under 42 U.S.C. § 1983 against defendants Midfirst Bank, Midland Mortgage, Wells Fargo, and Citi Group Insurance.[1] Chief Magistrate Judge Michael North issued a Report and Recommendation ("R&R"), recommending that Clark's complaint be dismissed with prejudice as legally frivolous and for failing to state a claim upon which relief can be granted.[2]

The Court did not receive any objections from Clark before the expiration of his deadline to object to the R&R. On March 12, 2024, the Court reviewed the R&R for clear error, and, finding none, adopted the R&R as its opinion.[3] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note (1983)

---

[1]   R. Doc. 1.
[2]   R. Doc. 4.
[3]   R. Doc. 54.

("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court entered judgment dismissing Clark's complaint with prejudice.[4]

On March 22, 2024, the Court received a letter from Clark containing his objections to the R&R.[5] Clark dated the letter March 4, 2024, four days before the objection deadline.[6] The envelope used to transmit Clark's objections bears a first-class mail stamp dated March 18, 2024, and a New Orleans, Louisiana, postmark dated March 19, 2024.[7] The envelope also contains a stamp from the Jefferson Parish Correctional Center ("JPCC"), where Clark is housed, stating that the mailing is uncensored and that JPCC is not responsible for its contents.[8] There is no evidence that shows when the letter was first received and processed by the JPCC prison mailing system.

Under the "prison mailbox rule," "a *pro se* prisoner's written objections to a magistrate's report and recommendations must be deemed filed and served at the moment they are forwarded to prison officials for delivery to

---

[4] R. Doc. 6.
[5] R. Doc. 7.
[6] *Id.* at 1.
[7] *Id.* at 2.
[8] *Id.*

2

the district court," regardless of when the court itself receives the objections. *Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993), *cited with approval in Walker v. Savers*, 583 F. App'x 474, 475 (5th Cir. 2014). "[T]he burden is on the pro se prisoner to show when his pleading was tendered to prison officials for delivery to the court." *United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019) (citations omitted).

Ordinarily, the Court affords a *pro se* plaintiff the opportunity to provide evidence, such as prison mail logs or affidavits, to prove that he placed his objections to the R&R in the prison mail system in a timely manner. *See id.* at 412; *see also United States v. Craun*, 51 F.3d 1043, 1995 WL 153048, at *1 (5th Cir. 1995) (giving plaintiff thirty days to submit such evidence). Nevertheless, the Court will not require Clark to produce such evidence because it finds that, even if his objections were timely "filed and served," *Thompson*, 993 F.2d at 515, the stated objections provide no meaningful response or objection to the R&R that would alter the judgment of this Court.

In his objections letter, Clark first objects that he lacks the means to obtain legal forms and documents to file with the Court because JPCC has no law library, and his requests for the forms have been denied on several occasions. Clark further states that he does not have access to financial forms

3

or the ability to timely mail his documents, and that he has made arrangements for all of the documents filed in the original state court proceeding to be transferred from the state court to this Court.

Assuming, *arguendo*, that Clark's objections were timely under the prisoner mailbox rule, the Court would apply *de novo* review to the parts of the R&R to which Clark objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *see also Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983) (holding that *de novo* determination requires "the district court to arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made[, which] is not satisfied by a mere review of the magistrate's report itself"); *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (holding that *de novo* determination "permit[s] whatever reliance a district judge, in the exercise of sound judicial discretion, [chooses] to place on a magistrate's proposed findings and recommendations"). Any portion of the R&R to which Clark did not object is reviewed for clear error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Here, Clark's objections provide no meaningful response or objection to the R&R. In recommending dismissal of his complaint, Magistrate Judge North concluded that Clark's complaint failed to state a claim upon which relief may be granted because it named only corporate entities as defendants, none of whom may be considered as state actors subject to liability under § 1983.[9] Magistrate Judge North further determined that Clark had failed to identify an underlying constitutional violation, which is required to state a valid § 1983 claim.[10] Lastly, to the extent Clark sought a federal court order directing the state court judge presiding over the state proceeding to act, Magistrate Judge North concluded that the Court has no such power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought.[11] Clark's objections do not respond to or address any of these reasons underlying Magistrate Judge North's recommendation for dismissal. Therefore, these portions of the R&R would be reviewed for clear error. Having previously conducted a clear error analysis of the R&R in its March 12, 2024, Order, and, having found none, the Court finds no need to alter its judgment dismissing Clark's complaint with prejudice in light of Clark's written objections.

---

[9]    R. Doc. 4 at 3.
[10]   *Id.*
[11]   *Id.* at 4.

5

## I.   CONCLUSION

For the foregoing reasons, Clark's objections are OVERRULED. The Court's judgment dated March 13, 2024, dismissing Clark's complaint with prejudice, shall remain in effect.

New Orleans, Louisiana, this __27th__ day of March, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE